NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PASCUAL DE LA LUZ GALVEZ, | No. 18-71066 |
| Petitioner, | Agency No. A089-268-316 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2023**
Seattle, Washington

Before: NGUYEN and HURWITZ, Circuit Judges, and PREGERSON,*** District Judge.

Pascual de la Luz Galvez petitions for review of a Board of Immigration

Appeals ("BIA") order dismissing an appeal from the decision of an Immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Even assuming that Petitioner exhausted his argument regarding a defect in the Notice to Appear ("NTA"), the NTA here was sufficient to vest jurisdiction in the immigration court. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

2. Petitioner's voluntary departure argument was not exhausted before the BIA. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). In any event, any error regarding voluntary departure was harmless. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021).

3. Petitioner's arguments as to untimeliness fail were also not exhausted. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). Contrary to Petitioner's characterization, the BIA did not address untimeliness on the merits. Furthermore, this Court has expressly rejected the argument that ignorance of filing requirements constitutes an "extraordinary circumstance" warranting an exception to the one-year filing deadline. *Alquijay v. Garland*, 40 F.4th 1099, 1103-04 (9th Cir. 2022). Petitioner's citation to *Barron v. Ashcroft*, 358 F.3d at 676 n.4 (9th Cir. 2004), is inapt, as Petitioner was represented by counsel throughout all proceedings.

4. Substantial evidence supported the IJ's adverse credibility determination.

*See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Petitioner's only explanation for the material inconsistencies in the record was that his own counsel may have misunderstood him, or that there may have been a transcription error. On such a record, and given the centrality of the inconsistent details, we cannot conclude that a reasonable adjudicator would be compelled to accept Petitioner's explanations. *See Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022); *Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022).

5.      We review de novo whether a group qualifies as a "particular social group" for purposes of withholding of removal. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We have repeatedly concluded that groups similar to that put forth by Petitioner, "adult male recent Mexican nonconsensual returnees, implied or otherwise," are too broad to be cognizable. *See, e.g., Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010); *Jimenez-Ornelas v. Rosen*, 843 F. App'x 33, 36 (9th Cir. 2021); *Paniagua-Baltazar v. Wilkinson*, 838 F. App'x 284, 284 (9th Cir. 2021). We reject Petitioner's assertion that this Court must, sua sponte, formulate and evaluate alternative social groups in addition to that identified by Petitioner.

6.      Whether a petitioner is likely to be harmed if removed from the United States is a question of fact, which we review for substantial evidence. *Ridore v. Holder*, 696 F.3d 907, 911, 915 (9th Cir. 2012). An adverse credibility determination in the asylum or withholding context is not necessarily dispositive of

a CAT claim, as independent evidence may establish an applicant's eligibility for CAT relief. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). Absent such evidence, however, a CAT claim is properly rejected where, as here, it is based solely upon an applicant's non-credible statements. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**